UNITED STATES of America

v.

David GORDON.

Cr. No. 87–399–1.

United States District Court,
E.D. Pennsylvania.

May 3, 1988.

Robert E. Goldman, Asst. U.S. Atty., Philadelphia, Pa., for plaintiff.

Charles J. Cunningham, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

FULLAM, Chief Judge.

The defendant and several others were indicted for their participation in a scheme involving fraudulent use of stolen credit cards. The co-defendants pleaded guilty and testified against the defendant at his trial. The jury found him guilty, and he now seeks judgment of acquittal or a new trial.

Inasmuch as it was stipulated that the credit cards were stolen and were used to obtain merchandise without the knowledge or consent of the true owners, the only significant factual issue for the jury was whether or not the defendant was a knowing and willful participant in the scheme. His co-defendants testified that he was, and the surrounding circumstances strongly corroborated their testimony. The motion for judgment of acquittal is devoid of merit.

Defendant advances two arguments in support of his request for a new trial. It is claimed that the court's charge impermissibly shifted the burden of proof, and that it was error to permit certain exhibits to go out with the jury. I reject both contentions.

After explaining the essential elements of the crimes charged, the presumption of innocence, and the requirement of proof beyond a reasonable doubt, I pointed out the (rather obvious) fact that, as the case had been presented, the principal issue for the jury was to determine whether the defendant was or was not a knowing and willful participant in the criminal scheme, and that, on this issue, the evidence was in sharp conflict. The jury was told that, if they believed the plaintiff's testimony concerning his participation, it was their duty

to render a verdict of not guilty; but that, if they believed the testimony of the government witnesses concerning defendant's participation, they would have the right to render a verdict of guilty, provided they were convinced beyond a reasonable doubt. I believe the charge was entirely correct. Since the defendant had taken the witness stand and testified to some involvement in the credit card transactions which turned out to have been fraudulent, it was necessary, solely for the protection of the defendant, to make sure the jury did not get the idea that his admitted involvement sufficed to establish guilt. There was no shifting of the burden of proof, nor any dilution in the requirement of proof beyond a reasonable doubt.

The co-defendants testified for the government pursuant to plea agreements. Defense counsel cross-examined one of these witnesses, Cynthia Floyd, extensively concerning the terms of her plea arrangement, whereupon the government, *without objection*, introduced the written plea agreement into evidence. In these circumstances, I perceive no error in permitting that exhibit to go out with the jury, along with all of the other duly admitted exhibits. Neither am I aware of any conceivable prejudice to the defendant. The written plea agreement did not refer to this defendant. Neither at the time, nor in the present motion for a new trial, has my attention been directed to any feature of the exhibit which should have been excluded, or which impermissibly adds to or differs from the oral testimony on the subject.

The motion for a new trial will be denied.